IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CRIMINAL ACTION NO. 2:22-cr-00098

KELVIN BRADLEY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion for Compassionate Release Pursuant to § 3582(c)(1)(A)* (Document 86), the *Response of the United States in Opposition to Defendant's Motion for Compassionate Release* (Document 97), the Defendant's *Ex Parte Request for Authorization to Engage Medical Expert for "Compassionate Release"* (Document 98) (sealed), and all attached exhibits.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) and finding that "extraordinary and compelling reasons

1

warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

Before a court grants compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), it must determine both that "there are extraordinary and compelling reasons to reduce the defendant's sentence" and "consider the sentencing factors of 18 U.S.C. § 3553(a) to determine whether modifying or imposing a new sentence is appropriate." *United States v. Payne*, No. 1:18CR00025-26, 2020 WL 6334798, at *2 (W.D. Va. Oct. 29, 2020) (analyzing factors and granting early release to inmate with medical conditions placing her at high risk of severe complications from COVID-19 and a minor child requiring cancer treatment that caregivers were not providing, after concluding that the time served was sufficient given her minor role in the original offense, lack of prior criminal history, and efforts toward rehabilitation). The analysis requires a fact-specific inquiry into the defendant's circumstances and offense.

On October 5, 2023, the Court imposed a sentence of 36 months of incarceration for the Defendant's conviction by guilty plea of Felon in Possession of a Firearm in violation of 21 U.S.C. §§ 922(g)(1), 924(a)(2). The Bureau of Prisons Inmate Finder provides an anticipated release date of March 3, 2026.

The Defendant is 50 years old and suffers from end-stage organ disease, specifically end-stage renal disease. He receives dialysis three times per week on Mondays, Wednesdays, and Fridays. Mr. Bradley asserts that his end-stage renal failure, his status as seriously and critically ill, and his condition that requires long-term medical care and creates a risk of serious deterioration in health or death, all qualify as extraordinary and compelling reasons to grant release.

In response, the United States argues that Mr. Bradley should not be granted compassionate release because he did not exhaust his administrative remedies, he has not shown that his health

conditions present extraordinary and compelling reasons for compassionate release, and the factors set forth in 18 U.S.C. § 3553(a) counsel against his release. For purpose of issuing a ruling, the Court will assume that Mr. Bradley has sufficiently exhausted his administrative remedies.

The Court finds that Mr. Bradley is not an appropriate candidate for compassionate release. While Mr. Bradley suffers from a terminal illness[1] because he is in end-stage renal failure, which would otherwise qualify as an extraordinary and compelling reason to grant compassionate release, the Court declines to exercise its discretion and grant Mr. Bradley compassionate release. At Mr. Bradley's sentencing, the Court was advised of his kidney failure diagnosis and his receipt of dialysis three times a week. While a court can later exercise its discretion in granting compassionate release based on an extraordinary and compelling reason that was known at sentencing, a court is not required to do so. Here, the Court took Mr. Bradley's health issues into consideration when making its § 3553(a) findings at sentencing and declined to grant defense counsel's request for home confinement. Since then, there have not been significant changes in Mr. Bradley's health status, nor any other changes to his circumstances relevant to the 3553(a) factors. Accordingly, the Court finds that compassionate release is not warranted in this case.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion for Compassionate Release Pursuant to § 3582(c)(1)(A)* (Document 86) be **DENIED** and that the Defendant's *Ex Parte Request for Authorization to Engage Medical Expert for "Compassionate Release"* (Document 98) (sealed) be **TERMINATED as moot**.

---

[1] Terminal illness is defined in USSG § 1B1.13(b)(1) as "a serious and advanced illness with an end-of-life trajectory."

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: October 18, 2024

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA